IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


PETER KRIER,                          )
                                      )
                    Plaintiff,        )      CIVIL ACTION
                                      )
v.                                    )      No.  14-1072-MLB
                                      )
BARTRAM'S EQUIPMENT                   )
SALES & SERVICE, et al.,              )
                                      )
                    Defendant.        )
_____ )


**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1)  Defendants Bernard Krone Holding's (BKH) and Maschinefabrik Bernard Krones' (MBK) amended motion to dismiss for lack of personal jurisdiction (Doc. 8), plaintiff's response (Doc. 20) and defendants' reply (Doc. 24);

2)  Defendant Krone NA's (Krone) motion to dismiss for lack of personal jurisdiction (Doc. 13), plaintiff's response (Doc. 19) and Krone's reply (Doc. 26); and

3)  Defendants Bartram's and Krone's motion to dismiss (Doc. 14), plaintiff's response (Doc. 18) and defendants' reply (Doc. 23).[1]

**I.   Facts and Procedural History**

Defendants BKH and MBK are both located in Germany.  BKH is the holding company for MBK.  BKH and MBK have their principal place of business in Spelle, Germany, and do not have any offices, agents, employees or property in Kansas.  MBK manufactures farming equipment. The subject of this suit is a 2010 Krone Big M 400 Swather

---

[1]  BKH's and MBK's motion to join Doc. 14 is granted.  (Doc. 5).

("Swather").  MBK manufactured the Swather and delivered the Swather to Krone in Texas.

Krone is a distributer for MBK and has its principal place of business in Tennessee.  Krone delivered the Swather to a dealership in Oklahoma and it was sold to an unknown party.  Later, the unknown party sold the Swather to defendant Bartram's in Texas.

Plaintiff Peter Krier purchased the Swather from Bartram's Texas dealership on or about December 8, 2011.  Bartram's delivered the Swather to plaintiff's Kansas residence on or about January 6, 2012. Approximately eight days later, the Swather caught fire while plaintiff was operating it.  Plaintiff jumped off the Swather and incurred injuries to his teeth in the fall.

Plaintiff filed this action against defendants alleging negligence, strict liability, failure to warn, breach of warranty, negligent misrepresentation and violations of the Kansas Consumer Protection Act.  Krone and the German defendants move for dismissal on the basis that this court lacks personal jurisdiction. Additionally, defendants move for dismissal of all but the KCPA claim on the basis that the claims are barred by the doctrine of economic loss.

**II.  Analysis**

**A.   Rule 12(b)(2) Motions to Dismiss**

BKH, MBK and Krone move to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  On a Rule 12(b)(2) motion to dismiss, plaintiff must make a prima facie showing that the court has personal jurisdiction over defendants. <u>See</u> <u>Intercon, Inc. v. Bell Atl. Internet Solutions, Inc</u>., 205 F.3d 1244,

1247 (10th Cir. 2000). The court must accept plaintiff's allegations as true and resolve all factual disputes in its favor notwithstanding contrary positions by the defendants. <u>Heating and Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc</u>., 935 F.Supp. 1167, 1169 (D. Kan. 1996).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." <u>TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.</u>, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue.[2] <u>TH Agriculture</u>, 488 F.3d at 1287 (citing <u>OMI Holdings, Inc. v. Royal Ins. Co. of Canada</u>, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts ties, or relations.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72 (1985). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." <u>World-Wide Volkswagen Corp. v.</u>

---

[2] Plaintiff asserts that defendants' conduct falls within K.S.A. 60-308(b)(1)(B), tortious acts, and/or section 60-308(b)(1)(G), products liability. Defendants do not contest the applicability of the statute but argue that due process does not permit this court to exercise jurisdiction over defendants.

<u>Woodson</u>, 444 U.S. 286, 291 (1979).   The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction."

Specific jurisdiction applies when the suit arises out of or relates to a defendant's contacts with the forum state. <u>Monge v. RG Petro-Machinery (Grp.) Co. Ltd.</u>, 701 F.3d 598, 613 (10th Cir. 2012). General jurisdiction, by contrast, arises when a defendant's continuous corporate operations within a state are so substantial and of such a nature as to justify suit against defendant on causes of action arising from dealings entirely distinct from those activities. See <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 131 S. Ct. 2846, 2854 (2011).   Plaintiff does not specifically identify which theory he believes applies to defendants.   Plaintiff, however, does not allege any facts which would support a finding that defendants' contacts with Kansas are continuous and substantial.   Therefore, the court will turn to whether defendants' contacts meet the requirements of specific jurisdiction.

To satisfy specific jurisdiction, plaintiff's injuries "must arise out of or relate to activities that [defendants] purposefully directed at residents of the forum." <u>Monge</u>, 701 F.3d at 617. Plaintiff contends that this action arises out of defendants' contacts with Kansas because defendants placed the Swather in the stream of commerce.

In <u>Monge</u>, the Tenth Circuit addressed the issue of personal jurisdiction in a case with very similar facts.   The plaintiff in <u>Monge</u> brought an action in Oklahoma alleging state law tort and products liability claims after he suffered injuries on an oil rig

-4-

that was manufactured by the defendant, a Chinese company. The Chinese defendant sold the rig to a company in Kansas. The company later moved the rig to Oklahoma without the defendant's knowledge. The Chinese defendant sought dismissal on the basis that the Oklahoma court did not have personal jurisdiction. The plaintiff asserted that jurisdiction was proper under the stream of commerce theory because the defendant could forsee the product being used in Kansas. The Tenth Circuit, however, found that the "rig's presence in the forum arose from the unilateral acts of someone other than [defendant] and generally courts have been unwilling to allow states to assert personal jurisdiction under such circumstances." Monge, 701 F.3d at 618. "[S]pecific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else." Id. (quoting Bell Helicopter, 385 F.3d at 1296.)

In this case, BKH and MBK shipped the Swather to Krone in Texas. Krone then shipped the Swather to Oklahoma. After that point, an unknown individual purchased the Swather and later sold it to Bartram's dealership in Texas. The undisputed facts show that the arrival of the Swather in Kansas was not due to any action of BKH, MBK or Krone. There are no facts which demonstrate that any of these defendants had knowledge of the path of the Swather after it was distributed to a dealer in Oklahoma. BKH, MBK and Krone cannot be subject to personal jurisdiction in the state of Kansas when plaintiff's injuries did not arise out of their conduct with the forum state. Monge, 701 F.3d at 619.

Therefore, the motions to dismiss for lack of personal

-5-

jurisdiction are granted.  (Docs. 8, 13).

    **B.   Economic Loss Doctrine**

    Bartram's moves to dismiss all claims, with the exception of the KCPA claim, on the basis that they are barred by the economic loss doctrine.  Under the economic loss doctrine, a plaintiff seeking recovery for economic losses only cannot proceed under theories sounding in tort.  <u>Professional Lens Plan Inc. v. Polaris Leasing Corp.</u>, 234 Kan. 742, 675 P.2d 887 (1984). "In other words, where plaintiff has suffered no personal injuries or damage to other property, a cause of action based upon tort does not exist." <u>Rand Const. Co. v. Dearborn Mid-West Conveyor Co.</u>, 944 F. Supp.2d 1042, 1062 (D. Kan. 2013).  In the amended complaint, however, plaintiff alleged personal injuries which occurred in the accident.  Plaintiff also has alleged a breach of express warranty claim which likewise would not be covered by the doctrine.  At this stage of the case, the existence of either of these claims would appear to prevent dismissal of the products liability claims but the court will reexamine that question either in connection with the preparation of the pretrial order or on a dispositive motion.

    Therefore, plaintiff's complaint is not barred by the economic loss doctrine.  Bartram's motion to dismiss is denied.

**III. Conclusion**

    BKH, MBK and Krone NA's motions to dismiss for lack of personal jurisdiction are granted. (Docs. 8, 13).  Bartram's motion to dismiss is denied, without prejudice. (Doc. 14).

    A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall

strictly comply with the standards enunciated by this court in <u>Comeau</u>
<u>v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion
for reconsideration shall not exceed 3 double-spaced pages.  No reply
shall be filed.

     IT IS SO ORDERED.

     Dated this   7th   day of July 2014, at Wichita, Kansas.

                                       s/ Monti Belot
                                 Monti L. Belot
                                 UNITED STATES DISTRICT JUDGE