IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
PETER KRIER,                         )
                                     )
                  Plaintiff,         )    CIVIL ACTION
                                     )
v.                                   )    No.  14-1072-MLB
                                     )
BARTRAM'S EQUIPMENT                  )
SALES & SERVICE, et al.,             )
                                     )
                  Defendants.        )
                                     )
```

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's motion for reconsideration. (Doc. 41). The motion has been fully briefed and is ripe for decision. (Doc. 42).

On July 7, 2014, the court granted the Krone defendants' motions to dismiss on the basis that this court lacked personal jurisdiction. (Doc. 38). To establish specific jurisdiction, plaintiff must set forth allegations that the suit arises out of or relates to a defendants' contacts with the forum state. Monge v. RG Petro-Machinery (Grp.) Co. Ltd., 701 F.3d 598, 613 (10th Cir. 2012). In this case, the "undisputed facts show that the arrival of the Swather in Kansas was not due to any action of BKH, MBK or Krone [the Krone defendants]." (Doc. 38 at 5).

Plaintiff moves for reconsideration but does not state the basis for his motion under Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). The court construes plaintiff's motion as seeking reconsideration on the basis that the court misapprehended the applicable law. Plaintiff, however, does not challenge the court's ruling that

plaintiff must allege facts which establish that the injury arose from defendants' contacts with this state. Plaintiff merely argues that the Krone defendants concentrated their sales efforts in Kansas by shipping products to Krone, in Texas, which in turn distributes products to Kansas. (Doc. 41 at 2). The fact remains that the Swather in this case was not delivered into Kansas by the Krone defendants' actions or with their knowledge, similar to the defendant in <u>Monge</u>. Therefore, specific jurisdiction cannot be established.[1] <u>Monge</u>, 701 F.3d at 617 (Plaintiff's injuries "must arise out of or relate to activities that [defendants] purposefully directed at residents of the forum.")

Plaintiff's motion for reconsideration is denied. (Doc. 41).

IT IS SO ORDERED.

Dated this   4th   day of August 2014, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion does not argue that this court erroneously held that the allegations concerning the Krone defendants' conduct could not establish general jurisdiction. Therefore, plaintiff has not established personal jurisdiction by showing that the Krone defendants' contacts with Kansas were continuous and substantial. <u>See Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 131 S. Ct. 2846, 2854 (2011).